UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**MYRON TERESHCHUK,**         )
                              )
       **Plaintiff,**     )
                              )
    v.                      )   Civil Action No. 09-1911 (RWR)
                              )
**BUREAU OF PRISONS,**        )
                              )
                              )
       **Defendant.**     )
_____)

### MEMORANDUM OPINION AND ORDER

Pro se plaintiff Myron Tereshchuk, a prisoner, brings a FOIA claim against the Bureau of Prisons ("BOP"), 5 U.S.C. § 552, alleging that he constructively exhausted his administrative remedies after BOP improperly withheld records sought in three separate requests.  The Bureau of Prisons moved to dismiss the supplemental complaint or, alternatively, for summary judgment, arguing that Tereshchuk's failure to exhaust his administrative remedies bars judicial review.  Tereshchuk later moved under Federal Rule of Civil Procedure 15(b)[1] for leave to file a

---

[1] Rule 15(b)(2) provides that

> [w]hen an issue not raised by the pleadings *is tried* by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move -- at any time, even after judgment -- to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.

Fed. R. Civ. P. 15(b)(2) (emphasis added).  By its title and terms, Rule 15(b) permits amendments to pleadings during and after trial.  Fed. R. Civ. P. 15(b).  See <u>Universe Antiques, Inc.</u>

complaint to conform to the evidence, and under Rule 15(d) for leave to file a second supplemental complaint, reflecting that he actually exhausted two FOIA requests made on January 28, 2010. Because Tereshchuk has not paid the requisite fees or applied for and appealed the denial of a fee waiver as to these two requests, BOP's motion to dismiss will be granted, and Tereshchuk's motion to supplement denied, as to them.  However, because Tereshchuk constructively exhausted his August 10, 2009 FOIA request after BOP failed timely to respond to it, see 5 U.S.C. § 552(a)(6)(A)(i), that portion of Tereshchuk's FOIA claim survives dismissal.

---

v. Vareika, No. 10 Civ. 3629, 2011 WL 5117057, at *7 (S.D.N.Y. Oct. 21, 2011) ("Because trial in this matter has not yet commenced, . . . any discussion of [Rule 15(b)] would be premature[.]"); Dank v. Shinseki, 374 F. App'x 396, 401 (4th Cir. 2010) (describing Rule 15(b)(2) as a "ground for granting a mid-trial amendment"); Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1309 n.3 (10th Cir. 1998) ("Rule 15(b) seems a totally inappropriate vehicle for a motion to amend prior to trial."), *abrogated on other grounds by* Styskal v. Weld Cnty. Bd. of Comm'rs, 365 F.3d 855 (10th Cir. 2004).  Some courts have stated that a party movant may seek leave under Rule 15(b) "at any time, even after judgment."  C & E Services, Inc. v. Ashland Inc., 601 F. Supp. 2d 262, 274 (D.D.C. 2009).  However, "the rule also indicates that it pertains 'when issues not raised by the pleadings are tried' and 'if evidence is objected to at the trial.'"  E. Bay Recycling, Inc. v. Cahill, No. 00 Civ. 6147, 2007 WL 2728421, at *4 (S.D.N.Y. Sept. 14, 2007) (quoting Fed. R. Civ. P. 15(b)) (emphasis removed).  "Accordingly, such a motion can only be made 'at any time' during or subsequent to a trial, but not before."  Id.  Tereshchuk's motion as to Rule 15(b)(2) therefore is premature since no trial of this matter has begun.

## BACKGROUND

Tereshchuk's existing supplemental complaint[2] alleges that he sent the BOP three requests for documents under FOIA, that BOP failed timely to respond to them, and that he therefore constructively exhausted his FOIA requests.  (Supp'l Compl. ¶¶ 6-7, 9.)  BOP, however, responded within the required twenty business days to his last two requests, informing Tereshchuk that he was required to pay duplicating fees before the requests were processed.  (Def.'s Ren. Mot. ("Def.'s Ren. Mot.") to Dis. or for Summ. J., Stmt. of Mat. Facts ("Def.'s Stmt.") ¶¶ 5-7.) Tereshchuk claims that he was entitled to inspect the requested records -- before paying duplication fees -- in order to determine which documents BOP should copy.  (Supp'l Compl. ¶¶ 17, 19.)  He moves to file a second supplemental complaint that alleges *actual* exhaustion of the last two of his FOIA requests in light of a May 17, 2010 letter he received from the Office of Information Policy ("OIP") at the Department of Justice ("DOJ"). (See Pl.'s Mem. in Support of Mot. for Leave to File a Compl. to Conform to the Evidence ("Pl.'s Mem.") at 3; Pl.'s Mot. for Leave to File a Compl. to Conform ("Pl.'s Mot."), Ex. 1, Compl. To Conform to the Evid. or, Alternatively, a Supp'l Compl. ("2d Supp'l Compl.") ¶¶ 12-15; 2d Supp'l Compl., Ex. H ("OIP Letter")

---

[2] Tereshchuk filed a complaint and was later granted leave to file a supplemental complaint.

-4-

at 1-2.)  The letter stated that Tereshchuk had failed to prepay the duplication fee his FOIA request incurred.  (OIP Letter at 1; see also 2d Supp'l Compl. ¶ 11.)  It urged him to seek an "alternate right of access to the materials . . . if [he] remain[ed] unwilling to pay[,]" since neither BOP regulations nor the FOIA provide for a right of inspection.  (OIP Letter at 1.)

Tereshchuk newly attaches to his proposed pleading letters BOP sent him requesting advance payment of duplication fees[3] and denying expedited processing of his FOIA request (2d Supp'l Compl., Exs. E-F; id. ¶¶ 11-12), his own administrative appeal challenging "the wrongful withholding of the requested records and demanding access to inspect [them]" (id., Ex. G) and the OIP letter discussed above.  He argues that this additional information bears directly upon the central question of whether he exhausted his administrative remedies.  (Pl.'s Mem. at 4; see also 2d Supp'l Compl. ¶ 15 ("By having appealed the adverse initial agency determination and having received a final agency determination, Plaintiff has satisfied all of the requirements to demonstrate an actual exhaustion of administrative remedies[.]").)

---

[3] See 2d Supp'l Compl. ¶¶ 8, 11 (describing fees BOP assessed Tereshchuk for his FOIA requests).

## DISCUSSION

I.  AUGUST 10, 2009 REQUEST

BOP argues that Tereshchuk never paid the fees associated with his August 10, 2009 FOIA request, and never "reformulat[ed] [it] to meet his needs at a lower cost[.]" (Def.'s Mem. of P. & A. in Supp. of Def.'s Ren. Mot. ("Def.'s Mem.") at 7.) However, Tereshchuk constructively exhausted the request since the BOP failed timely to respond as required within twenty business days. See 5 U.S.C. § 552(a)(6)(A)(i); Jarvik v. C.I.A., 741 F. Supp. 2d 106, 110 n.2 (D.D.C. 2010) ("If an agency fails to answer a FOIA request within twenty days, FOIA deems the requester to have constructively exhausted his administrative remedies and permits immediate judicial review.") (citing 5 U.S.C. § 552(a)(6)(c)). BOP received Tereshchuk's request on August 17, 2009 (Supp'l Compl., Ex. 1) and mailed him an untimely response on October 22, 2009. (Def.'s Stmt. ¶ 4.) Tereshchuk filed this civil action on October 8, 2009, after the twenty-day deadline but before receiving BOP's letter. See Thomas v. Dep't of Health & Human Services, 587 F. Supp. 2d 114, 117-118 (D.D.C. 2008) ("The FDA's letter demanding pre-payment of the search fees came too late; [plaintiff] had already submitted his complaint for filing. And, in any case, the [ ] letter . . . still did not satisfy the requirements of 5 U.S.C. § 552(a)(6)(A)(i) and (ii)[.]"). Since Tereshchuk constructively exhausted his FOIA claim as to his

-6-

August 10, 2009 FOIA request, and BOP's belated fee letter does not restart the exhaustion clock, the motion to dismiss will be denied as to the August 10, 2009 request.[4]

## II. JANUARY 28, 2010 REQUESTS

The FOIA requests Tereshchuk filed on January 28, 2010 requested the same records in hard copy and in a digital format. (Def.'s Stmt. ¶ 5; 2d Supp'l Compl. ¶ 7.)  BOP argues that Tereshchuk must exhaust his administrative remedies before seeking judicial review of these requests, and that he has failed to do so either by paying the required fees, requesting a fee waiver, or appealing a denial of a fee waiver request.  (Def.'s Mem. at 6-7.)

"A party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by th[e] agency[]" from which the documents are requested.  Calhoun v. U.S. DOJ, 693 F. Supp. 2d 89, 91 (D.D.C. 2010).  The DOJ has promulgated regulations governing requests for records from its various components, of which the BOP is one. For example, the regulations provide that "[d]uplication fees will be charged to all requesters," 28 C.F.R. § 16.11(c)(2), and that when the estimated duplication fee exceeds $250, "[the component] may require the requester to make an advance payment

---

[4] Tereshchuk has cross-moved for summary judgment.  Rather than grant his motion as to the August 10, 2009 request, the BOP will be directed to file within 30 days an answer to this claim.

-7-

of an amount up to the amount of the entire anticipated fee before beginning to process the request[.]" Id. § 16.11(i)(2). Further, "[i]n cases in which a component requires advance payment," DOJ's regulations state that "the request shall not be considered received and further work will not be done on it until the required payment is received." Id. § 16.11(i)(4).

Where, as here, an agency argues that the requester has failed to exhaust, a court analyzes the matter under Rule 12(b)(6) for failure to state a claim.[5] In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "assume[s] all the allegations in the complaint are true (even if doubtful in fact)" and "must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged[.]" Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citation omitted); accord Simba v. Fenty, 754 F. Supp. 2d 19, 22 (D.D.C. 2010). To prevail, the plaintiff's amendments must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

---

[5] Failure to exhaust a FOIA claim is not "a jurisdictional bar to judicial review." Jones v. U.S. DOJ, 576 F. Supp. 2d 64, 66 (D.D.C. 2008) (citing Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003)). Still, exhaustion is a "condition precedent" to filing a FOIA action. Flaherty v. President of the United States, 796 F. Supp. 2d 201, 207 (D.D.C. 2011). Where, as here, an agency argues that the requester has failed to exhaust, a court analyzes the matter under Rule 12(b)(6) for failure to state a claim. Id. (citing Jones, 576 F. Supp. 2d at 66).

Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). While a pro se complaint is held "to less stringent standards than [are] formal pleadings drafted by lawyers[,]" Tate v. D.C., 627 F.3d 904, 912 (D.C. Cir. 2010) (internal quotation marks and citation omitted), it still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) (internal quotation marks and citation omitted).

"Where a FOIA request is not made in accordance with the [agency's] published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies, as '[t]he failure to comply with an agency's FOIA regulations [for filing a proper FOIA request] is the equivalent of a failure to exhaust.'" Calhoun, 693 F. Supp. 2d at 91 (citation omitted) (alteration in original). Here, exhaustion would entail "appealing BOP's adverse determinations to OIP and paying any assessed fees or appealing to OIP the denial of a fee waiver." Antonelli v. BOP, 591 F. Supp. 2d 15, 26 (D.D.C. 2008)(citing Oglesby v. Dep't of the Army, 920 F.2d 57, 65-67 (D.C. Cir. 1990)) (additional citations omitted). Since Tereshchuk's proposed pleading neither alleges nor proffers that he has paid the requisite fees or sought a fee waiver, he has failed to exhaust his administrative remedies. See, e.g., Banks v. US DOJ, 605 F. Supp. 2d 131, 139 (D.D.C. 2009) ("[P]laintiff failed to

-9-

exhaust his administrative remedies with respect to his FOIA and Privacy Act requests to the FBI because he failed to pay duplication fees."); Sliney v. BOP, Civil Action No. 04-1812 (RBW), 2005 WL 839540, at *4 (D.D.C. Apr. 11, 2005) ("Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies.") Thus, the amendment is futile because it fails to state a claim upon which relief can be granted.[6]

---

[6] Tereshchuk moves for leave to file a supplemental complaint under Rule 15(d), which, "on just terms," "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The court has "broad discretion in determining whether to allow supplemental pleadings[.]" Jones v. Bernanke, 685 F. Supp. 2d 31, 35 (D.D.C. 2010). Courts resolve Rule 15(d) motions under the same standard as they resolve motions to amend under Rule 15(a). Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). Leave should be given freely, but not automatically, "when justice so requires." Id.; see also LaPrade v. Abramson, Civ. Action No. 97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The defendant "bear[s] the burden of demonstrating why leave should not be granted." LaPrade, 2006 WL 3469532, at *3 (citation omitted).

Futility is one ground for denying leave to file an amended complaint. Foman, 371 U.S. at 182. Futile amendments include those that "could not withstand a motion to dismiss." Pietsch v. McKissack & McKissack, 677 F. Supp. 2d 325, 328 (D.D.C. 2010) (citations omitted); accord Cornish v. Dudas, 715 F. Supp. 2d 56, 68 (D.D.C. 2010). Since Tereshchuk has failed to exhaust his January 28, 2010 FOIA requests for the reasons stated above, his proposed amendments concerning those requests would not survive dismissal. The motion for leave to file a supplemental complaint therefore will be denied.

## CONCLUSION AND ORDER

Tereshchuk's request for leave to file a complaint to conform to the evidence is premature, and his existing and proposed supplemental pleadings fail to state a facially plausible claim regarding his January 28, 2010 requests since he has not exhausted his administrative remedies as to them. Accordingly, it is hereby

ORDERED that the BOP's renewed motion [25] to dismiss be, and hereby is, GRANTED IN PART and DENIED IN PART.  The motion is granted as to Tereshchuk's January 28, 2010 requests and denied as to his August 10, 2009 request.  It is further

ORDERED that Tereshchuk's motion [35] for leave to file a complaint to conform to the evidence or a supplemental complaint be, and hereby is, DENIED.  It is further

ORDERED that Tereshchuk's cross-motion [31] for summary judgment be, and hereby is, DENIED.  It is further

ORDERED that BOP file within thirty days an answer to Tereshchuk's FOIA claim as to his August 10, 2009 FOIA request.

SIGNED this 31st day of March, 2012.

/s/
RICHARD W. ROBERTS
United States District Judge